IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | No. 2:19-CV-0313-KJM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. ECF No. 46. Plaintiff's handwritten motion is nearly incomprehensible, but it appears that Plaintiff takes issue with an alleged theft of money from him. Id. Plaintiff contends that the United States Bankruptcy Court sent him a check and that Defendant K. Berlin unconstitutionally took it. Id. The undersigned United States Magistrate Judge recommends denying the motion.

**I. STANDARD**

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on

the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

## II. DISCUSSION

Plaintiff contends that he previously moved for injunctive relief, but that the Court misconstrued his motion. ECF No. 46 at 1. Plaintiff previously filed another near-unintelligible motion with the Court asking the Court to allow him access to e-filing and discussing similar allegations of theft of his money and interference with his legal mail by Defendants. ECF No. 44. The Court construed the motion as requesting access to e-filing because Defendants allegedly opened and interfered with Plaintiff's mail. ECF No. 45. The Court denied the motion because the Eastern District of California's local rules precluded Plaintiffs request and because, despite Plaintiff's allegations, he had not been prevented from filing documents conventionally.[1] Id. at 2.

In any event, Plaintiff contends that the Court misconstrued his previous motion and now moves injunctive relief preventing Defendants from interfering with is mail and stealing his money. ECF No. 46. In broad sum, as also alleged in his third amendment complaint, Plaintiff contends that Defendant Berlin intercepted an envelope addressed to Plaintiff from the Eastern District's Bankruptcy Court. Id. at 3; see ECF No. 43 at 3–5. The envelope allegedly contained

---

[1] The United States District Court for the Eastern District of California's Local Rules address the e-filing issue. See L.R. 133(b)(2), 183(c). Local Rule 133 prohibits pro se parties from utilizing the Court's electronic filing system except upon leave of Court. L.R. 133(b)(2). Local Rule 183 further requires pro se parties to file documents conventionally unless the Court grants leave to utilize electronic filing. L.R. 183(c).

documents and a refund check from the Bankruptcy Court. See ECF No. 46 at 3. Berlin, according to Plaintiff, took the money in violation of the Fourteenth Amendment to the United States Constitution. Id. He requests both a preliminary injunction and temporary restraining order. Id.

As support for his claims, Plaintiff contends that he has heart failure and does not know how long he has to live. Id. at 5. He also contends that he is scheduled to be released from prison by 2022[2] and that, after release, he will be moving nearly 4,000 miles away and that he believes the Court will lose jurisdiction over his case. Id. at 2. Finally, he contends that he cannot be released from prison without clothing, which is why he wants his refund check (ostensibly meaning he wants his refund check so that he can purchase clothing). Id. at 3.

Given the information presently before the Court and the extraordinary nature of injunctive relief, the Court recommends that Plaintiff's motion be denied. First, the core of Plaintiff's motion is repetition of the allegations from the third amended complaint. See id. at 2–3; see ECF No. 43 at 3–5. Although Plaintiff contains that Berlin *did* steal his money, he has not shown any other probable harm. Plaintiff's statements that he requires clothing when he leaves prison (which, of course, is true) and that he will be released from prison sometime in 2022 do not establish that Plaintiff is likely to suffer irreparable harm. Plaintiff must show that harm is likely, not merely possible. See, e.g., All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Furthermore, again considering Plaintiff's statements that he will be moving and that he requires clothing upon leaving prison, he has not shown that he is likely to succeed on the merits, that the balance of hardships tips in his favor (even if he is to be released from prison and will move from California), or that an injunction is in the public interest.[3]

///

///

---

[2] An exhibit to Plaintiff's motion appears to indicate that he will indeed be released from prison by December 2022. ECF No. 46 at 6.

[3] The United States Court of Appeals for the Ninth Circuit applies a sliding scale to consideration a motion for preliminary injunction, in which a stronger showing of one element may offset a weaker showing of another. See, e.g., Cottrell, 632 F.3d at 1131; see also Doe #1 v. Trump, 984 F.3d 848, 870 (9th Cir. 2020). But Plaintiff has not satisfied any element at all and the sliding scale cannot save his motion from denial.

### III. RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that Plaintiff's motion to show cause and for injunctive relief (ECF No. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 15, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE