IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON, | No. 2:19-CV-0313-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's third amended complaint, ECF No. 43.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
2   with at least some degree of particularity overt acts by specific defendants which support the
3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
4   impossible for the Court to conduct the screening required by law when the allegations are vague
5   and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names K. Berlin, a correctional counselor at the California Medical Facility, as the only defendant to the third amended complaint.  See ECF No. 43, pgs. 1, 2.  Plaintiff states that, in June 2017, he was called by Defendant Berlin to his office and that, while sitting outside in the hallway, Defendant Berlin came out of her office holding in her hand paperwork clearly marked as from the Bankruptcy Court.  See id. at 3.  It appears this paperwork was notice of a hearing set for May 30, 2017.  See id.  Plaintiff states that Berlin gave him the paperwork without any envelope and without Plaintiff signing for it.  See id.  Plaintiff claims that, by giving Plaintiff the paperwork for a hearing that had already passed, Berlin violated his right to access to the courts.  See id.

## II.  DISCUSSION

The Court finds that, on the facts currently pleaded, Plaintiff has not stated a cognizable claim under either a theory of denial of access to the courts or interference with legal mail.

### A.   Access to the Courts

Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process.  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from

1 persons trained in the law." Bounds, 430 U.S. at 828.  The right of access to the courts, however,
2 only requires that prisoners have the capability of bringing challenges to sentences or conditions
3 of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous
4 criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.
5 Therefore, the right of access to the courts is only a right to present these kinds of claims to the
6 court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-
7 55.

8 As a jurisdictional requirement flowing from the standing doctrine, the prisoner
9 must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to
10 contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-
11 frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in
12 providing legal materials or assistance which result in prejudice are "not of constitutional
13 significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518
14 U.S. at 362.

15 Here, Plaintiff's claim relates to an ongoing bankruptcy proceeding.  As such, it
16 does not relate to a criminal appeal, habeas action, or civil rights action.  Further, Plaintiff's claim
17 relates to his ability to continue litigation in the Bankruptcy Court, not to discover a claim or
18 effectively litigate a claim.  Finally, Plaintiff has not alleged any actual injury.  To the extent
19 Plaintiff may be able to allege additional facts to state a claim based on denial of access to the
20 courts, Plaintiff will be provided an opportunity to amend.

21     **B.**     **Legal Mail**

22 Prisoners have a First Amendment right to send and receive mail.  See Witherow
23 v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison officials may intercept and censor
24 outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.
25 See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266.  Based
26 on security concerns, officials may also prohibit correspondence between inmates.  See Turner v.
27 Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail for
28 legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549 (1941).

1 | Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is
2 | not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended
3 | by 135 F.3d 1318 (9th Cir. 1998).

4 |       Here, again, Plaintiff's claim concerns the receipt of mail from the Bankruptcy
5 | Court.  Incoming mail from the courts is not considered "legal mail" subject to First Amendment
6 | protections.

### III.  CONCLUSION

      Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

      If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect that this action proceeds against Defendant Berlin only and that the State of California and the California Medical Facility are terminated as defendants;

2. Plaintiff's third amended complaint is dismissed with leave to amend; and

3. Plaintiff shall file a fourth amended complaint within 30 days of the date of service of this order.

Dated: August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE